Wrenn, Daniel M., J.
The plaintiffs in the above entitled matter brought this present action to enforce a signed settlement agreement December 22, 2011. The subject agreement involved a resolution of a civil action brought in the Worcester Probate Court under Docket No. 11EO107QC.
One of the provisions of the settlement agreement provided that the defendant who owned a forty percent stock interest in an Indian company known as Frick India Limited would transfer twenty percent of his shares to the plaintiffs. This probate court settlement was signed December 22, 2011 and was stated to be a final settlement which contemplated additional documents at a later date in order to effectuate the terms.
Thereafter, as the defendant did not transfer the required twenty percent stock interest, the plaintiffs filed the present Superior Court action in March of 2012. The defendant was served, filed an Answer to the Superior Court action and the parties, thereafter, in July filed cross motions for summary judgment, *413 which motions are scheduled for hearing in October of this year.
The corporate shares in the Frick company involve a refrigeration company that is located in India with the plaintiffs being residents of India and the corporation being an Indian corporation. The court has been informed through affidavits that there are presently court proceedings underway in India through the New Delhi Company Law Board. In this Indian action the court understands that all parties are represented by counsel.
The plaintiffs have brought the present motion seeking injunctive relief enjoining the defendant from moving forward with a “Extraordinary General Meeting” of the members/shareholders of Frick India Limited and further to prevent the defendant from voting his forty percent of shares at any such meeting or at any subsequent annual meeting. The defendant has opposed the motion.
It is clear from the affidavits and exhibits submitted by the parties, which are extensive, that there is a serious and significant corporate dispute relative to the Frick India Limited which issues are being actively litigated in an Indian Tribunal.
In considering a request for preliminary injunction the court evaluates the moving party’s chance of success on the merits and its claim for injuiy. Packaging Industries Groups, Inc. v. Cheney, 380 Mass. 606 (1980). As courts have consistently noted a preliminary injunction must be granted or denied after an abbreviated presentation of facts and law.
In the present request for injunction the plaintiffs through competent affidavits and exhibits have demonstrated a likelihood of success on the merits of their claim. The plaintiffs have produced a valid copy of the December 22, 2011 agreement signed by all parties including the defendant which agreement is clear on its face. All parties were represented by counsel relative to the negotiation and execution of the agreement and the specific provision in question being paragraph 3 gives clear direction to the defendant as to the requirement of transferring a twenty percent interest to the plaintiffs. The court recognizes that this issue is being presented on a motion for preliminary injunction and thus the record from which this factual finding is reached is limited and is not a full record as would be the case on a motion for summary judgment and certainly is far less than would be presented at trial. However, the plaintiffs have, pursuant to their obligation under the applicable rule, provided affidavits in support of the position advanced and the court finds based on those affidavits that the plaintiffs have shown a reasonable likelihood of success on the merits.
Although this court has power to act in persona upon residents of the Commonwealth to such extent as may be necessary to restrain them from prosecuting in a foreign country actions which unduly and inequitably interfere with progress of litigation here in the United States the court ought not to exercise such power so as to deprive the parties of access to the appropriate tribunal which alone can determine the ultimate resolution of the issues. In the present case it is clear to the court that the resolution of the disputes in the pending Indian Tribunal will be handled based on the application of Indian law to the facts as determined from conduct which has occurred solely and exclusively in India. Thus, the Indian Tribunal is far more capable of handling that action and is indeed the appropriate tribunal to do so. See, Lydia E. Pinkham Medicine Co. v. Gove, 298 Mass. 53 (1937). It is far from certain from the court’s perspective what the effect of any injunctive relief, as requested by the plaintiffs would have based on Indian law to the corporate proceedings that are pending in India, including the upcoming corporate meetings. Neither counsel was able to give any definitive statement of the legal effect in India of the requested preliminary injunction. Thus, while the court does have the equitable power and authority to order the defendant to withdraw the request for Extraordinary General Meeting and/or to refrain from voting the forty percent or twenty percent shares in Frick, given the uncertainly of the effect of that order on the corporate proceedings and/or the India court action and given the availability of an appropriate Tribunal in India, the court declines to exercise that equitable power.
CONCLUSIONS
Based on the above court findings and analysis the Plaintiffs’ Motion for Preliminary Injunction is herewith DENIED.